UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | : | Hon. Joseph H. Rodriguez |
| *Plaintiff*, | : | CRIM NO. 16-00576 |
| v. | : | OPINION |
| **RASHEED WISE,** | : | |
| *Defendant*. | : | |

This matter comes before the Court on Defendant Rasheed Wise's (Defendant") *pro se* Motion for Reduction of Sentence under the First Step Act 18 U.S.C. § 3582 (c)(1)(A)(i). [Dkt. 40]. The Court has considered Defendant's submission and, for the reasons stated below, will deny Defendant's Motion.

**I.  Background**

On December 20, 2016, Defendant pled guilty to one count of conspiracy to distribute and possession with intent to distribute controlled substances under 21 U.S.C. §§ 841(a)(1),(b)(1)(C). [Dkt. 32]. On July 11, 2017, this Court varied downward from the 151 to 188-month sentence which the Federal Sentencing Guidelines ("the Guidelines") recommended,[1] and sentenced Defendant to a 100-month term of imprisonment.[2] [Dkt. 33, 34, 37]. Defendant is

---

[1] This recommended range resulted from an offense level of 29 and a criminal history category of VI.

[2] This 100-month sentence fell with in the 100 to 125-month sentence which the Guidelines recommended for a level 24 offense by a defendant with a criminal history category of VI. [*See* Dkt. 37 at 2–3].

1

currently in custody at FCI Fort Dix in Fort Dix, New Jersey and is eligible for release in 2024. [Dkt. 40 at 2]. He is forty-four years old. [*See* Dkt. 40 at 18].

On January 5, 2021, Defendant filed the present motion seeking compassionate release under the First Step Act, 18 U.S.C. § 3582(c)(1)(A), alleging that the COVID-19 outbreak at FCI Fort Dix and his "chronic asthma" constitute extraordinary and compelling reasons for his release. [Dkt. 40].

## II. Legal Standard

Generally, a district court may not modify a term of imprisonment once it has been imposed, unless the case meets one of the limited exceptions under the First Step Act ("the Act"). Pursuant to the Act, a court may modify an imposed term of imprisonment—

(1) in any case—

> (A) the court, upon motion of the Director of the Bureau of Prisons, or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier, may reduce the term of imprisonment (and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment), after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that—
>
> > (i) extraordinary and compelling reasons warrant such a reduction; or
> >
> > (ii) the defendant is at least 70 years of age, has served at least 30 years in prison, pursuant to a sentence imposed under section 3559(c), for the offense or offenses for which the defendant is currently imprisoned, and a determination has been made by the Director of the Bureau of Prisons that the defendant is not a danger to the safety of any other person or the community, as provided under section 3142(g); and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission; and

> (B) the court may modify an imposed term of imprisonment to the extent otherwise expressly permitted by statute or by Rule 35 of the Federal Rules of Criminal Procedure; and

18 U.S.C. § 3582(c).

The Sentencing Commission issued a policy statement concerning reduction in term of imprisonment under the Act, which provides in pertinent part that after considering applicable factors set forth in 18 U.S.C. § 3553(a), "the court may reduce a term of imprisonment if the court determines that—Extraordinary and compelling reasons warrant the reduction . . . the defendant is not a danger to the safety of any other person or to the community, as provided in 18 U.S.C. § 3142(g); and the reduction is consistent with this policy statement." U.S.S.G. 1B1.13. As set forth in the policy statement, a defendant's medical condition may qualify as an extraordinary and compelling reason, if the defendant is suffering from a terminal illness or the defendant is,

> (C) suffering from a serious physical or medical condition,
>
> (D) suffering from a serious functional or cognitive impairment, or
>
> (E) experiencing deteriorating physical or mental health because of the aging process, that substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover.

*Id.* Additional circumstances that may qualify include, the age of the defendant, family circumstances, and other reasons. *Id.*

### III. Discussion

The issue before the Court is whether Defendant Wise has demonstrated that extraordinary and compelling reasons warrant his early release from custody. The Court finds that Defendant has failed to do so.

3

In order to bring a claim for compassionate release, an inmate must first exhaust his administrative remedies by petitioning the BOP for release. 18 U.S.C. § 3582(c)(1)(A); *see also United States v. Bogdanoff*, 459 F. Supp. 3d 653, 657 (E.D. Pa. 2020) (noting that federal courts lack jurisdiction to consider compassionate release motions if defendant fails to satisfy First Step Act's exhaustion requirement). "Thirty days after submitting the request, the defendant may move for compassionate release in the district court, whether the warden denied the request or did not act on it. *United States v. Mims*, No. CR 13-00429 (RBK), 2021 WL 1311036, at *2 (D.N.J. Apr. 8, 2021) (citing *United States v. Raia*, 954 F.3d 594, 595–96 (3d Cir. 2020)). Defendant Wise claims that he submitted requests for compassionate release to the warden at FCI Fort Dix which the warden denied on October 23, 2020 and May 18, 2020.[3] [Dkt. 40 at 3]. Though Defendant has not provided evidence of these submissions, the Court is satisfied based on Defendant's representations that he has fulfilled his exhaustion requirement and that the Court has jurisdiction to consider his request.

To grant Defendant's request for early release, the Court must first find that Defendant's health or medical conditions present an extraordinary and compelling reason for reducing Defendant's sentence in light of the COVID-19 pandemic. *See United States v. Hynes*, No. 3:18-CR-00222, 2020 WL 6060984, at *3 (D.N.J. Oct. 14, 2020). Courts look to those conditions that the CDC has identified as "high-risk" factors to make this determination. *See, e.g.*, *United States v. Catanzarite*, No. CR 18-0362 (ES), 2020 WL 2786927, at *4 (D.N.J. May 29, 2020).

Defendant argues that the COVID-19 outbreak at FCI-Fort Dix coupled with his "chronic asthma" constitute an extraordinary and compelling reason for reducing his sentence. [Dkt. 40 at

---

[3] Although Defendant's motion does not identify the date he submitted his request to the BOP, Defendant filed this motion more than thirty days after the warden denied Defendant's administrative requests.

7–8]. Defendant's medical records confirm that he has been diagnosed with asthma, but state that he has never been hospitalized due to asthma and uses an inhaler "sparing[ly]" "during season changes and exercise." [Dkt. 40 at 30]. The CDC has identified "moderate to severe" asthma as a condition that "can make" and individual "more likely to get severely ill from COVID-19." *See People with Certain Medical Conditions*, CDC, https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/people-with-medical-conditions.html (last visited June 24, 2021). The Court is in no position to deny or discount the severity of Defendant's asthma based on the available medical records and will therefore assume that it is "moderate to severe" for the purposes of this discussion. Thus, Defendant meets one-half of the Court's "extraordinary and compelling reasons" analysis.

However, the COVID-19 pandemic does not currently an extraordinary threat to Defendant or other inmates at FCI Fort Dix. While the COVID-19 virus infected a shocking number of inmates at FCI Fort Dix, available information suggests that the situation there has improved considerably. Since the pandemic began, at least 1,741 inmates at FCI Fort Dix have contracted and recovered from the COVID-19 virus and two inmates have died. Fed. Bureau of Prisons, *COVID-19 Coronavirus*, https://www.bop.gov/coronavirus/index.jsp (last visited June 24, 2021). These are astonishing numbers for a facility that currently houses 2,664 inmates. Fed. Bureau of Prisons, *FCI FORT DIX*, https://www.bop.gov/locations/institutions/ftd/index.jsp (last visited June 24, 2021). But the facility currently has no active cases among inmates and only one active case among staff members. Fed. Bureau of Prisons, *COVID-19 Coronavirus*, https://www.bop.gov/coronavirus/index.jsp (last visited June 24, 2021).

Importantly, 1,634 inmates at FCI Fort Dix have been fully vaccinated against the COVID-19 virus. This widespread vaccination may reduce the risk of COVID-19 spread and,

therefore, reduce the risk that Defendant will contract COVID-19. *See* Ctrs. for Disease Control and Prevention, *COVID-19: COVID-19 Vaccines Work*, https://www.cdc.gov/coronavirus/2019-ncov/vaccines/effectiveness/work.html (updated May 20, 2021). The BOP's efforts to vaccinate inmates against COVID-19 at FCI Fort Dix and elsewhere also suggest that Defendant will have the opportunity to receive a vaccine if he has not done so already. *See United States v. Goston*, No. 15-20694, 2021 WL 872215, at *2 (E.D. Mich. Mar. 9, 2021) (denying compassionate release to defendant with obesity and asthma housed at FCI Fort Dix because "his access to the COVID-19 vaccine mitigates any extraordinary and compelling reasons that might otherwise justify release."). While Defendant is surely still at risk of contracting COVID-19, the improved conditions at FCI Fort Dix do not present extraordinary and compelling reasons for his early release. *See United States v. Del Rosario Martinez*, No. 19CR5218-MMA, 2021 WL 956158, at *4 (S.D. Cal. Mar. 10, 2021) (finding no extraordinary or compelling reasons for early release for defendant with two high-risk health conditions because "[d]efendant is housed at an institution where the spread of the virus is currently minimal to virtually nonexistent.").

Even if Defendant's medical condition and the circumstances at FCI for Dix presented extraordinary and compelling circumstances for compassionate release, "a court may deny the requested relief if the 18 U.S.C. § 3553(a) factors[4] do not weigh in favor of the defendant's

---

[4] These factors include:

> (1) the nature and circumstances of the offense and the history and characteristics of the defendant;
> (2) the need for the sentence imposed
>> (A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;
>> (B) to afford adequate deterrence to criminal conduct;
>> (C) to protect the public from further crimes of the defendant; and
>> (D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner

release." *United States v. Adams*, No. 3:00-CR-00697, 2020 WL 6063055, at *5 (D.N.J. Oct. 14, 2020) (citing *United States v. Pawlowski*, 967 F.3d 327 (3d Cir. 2020)).

In this case, the § 3553(a) factors weigh against granting Defendant's request. At sentencing, Defendant fell into criminal history category VI—the highest category—due to his extensive criminal conviction history. The Court also varied downward 51 to 88 months from the sentence which the Guidelines recommended when sentencing Defendant to 100 months in custody. Defendant still has approximately 3 years remaining on this sentence. Further reducing Defendant's sentence would not adequately reflect his criminal history, promote respect for the law, or deter criminal conduct. *See United States v. Pawlowski*, 967 F.3d 327, 331 (3d Cir. 2020) (finding that a district court may deny compassionate release where granting a defendant's request would require a "substantial sentencing reduction" and conflict with § 3553(a) factors). Thus, the § 3553(a) factors confirm that Defendant is not entitled to early release.

### IV.   Conclusion

For the reasons set forth above the Court will deny Defendant Wise's request for early release under the First Step Act. An appropriate order will follow.


June 29, 2021                                            /s/ Joseph H. Rodriguez

                                                         Hon. Joseph H. Rodriguez, USDJ

---

18 U.S.C. § 3355(a).